UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REV. STEVE ELLIS, REX ELLIS,<br>　　Plaintiffs,<br><br>v.<br><br>EDWARD J. MACKENZIE, JR., MARIA<br>MACKENZIE; DOUGLAS HANSEN, JACK<br>SNEDEKER, MIKE SNEDEKER, RONALD<br>WATTS, NICHOLAS B. CARTER, ESQ.,<br>SUPERIOR PLUMBING, INC., STEVEN<br>BOURGOIN, TINA SAXON AND JOHN DOE<br>DEFENDANTS 1-11,<br>　　Defendants. | **No: 1:08-cv-11613-DPW**<br><br>**HEARING REQUESTED** |

## **DEFENDANTS' MOTION TO DISMISS**

Defendants move to dismiss Plaintiffs' scandalous and unfounded Amended Complaint ("Complaint") in its entirety.  Plaintiffs filed their Complaint solely for strategic purposes in an underlying governance dispute involving a small local Swedenborgian church on Beacon Hill, The Boston Society for the New Jerusalem, Inc. ("the Church").  Plaintiffs' federal claims fail as a matter of law, and this Court should not exercise supplemental jurisdiction over any remaining state law claim, which should be tried, if at all, in the prior pending state case involving this church dispute.

Plaintiffs are Rev. Steven Ellis, the former pastor of the Church, and his brother, Rex Ellis, who was also formerly employed at the Church.  In a desperate attempt to obtain control of the Church, the Ellis brothers in early September 2008 physically seized control of the Church and its financial operations, which includes a 142 unit apartment

building in which the Church is located.  The Church's elected leaders, supported by the members, sued the Ellis brothers in state court and moved for a preliminary injunction to regain control of the Church building and its finances.  After numerous hearings and review of nineteen affidavits, the state court found that the Ellis brothers' conduct had been "completely illegal" and allowed the Church's motion for preliminary injunction, restoring the Church's elected leaders and confirming that they, not the Ellis brothers, were the authorized legal representatives of the Church.  (A copy of the state court's Orders are attached at Exhibits A and B.)[1]

During this legal battle in state court, the Ellis brothers (falsely) claimed that they had evidence of a criminal racketeering scheme being conducted by several leaders of the Church, who were purportedly being assisted by outside legal counsel, and that the Ellises were trying to rid the Church of these individuals.  As part of that strategy, the Ellises filed this lawsuit in federal court which asserted, *inter alia*, two claims against Defendants for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1962(c) and (d).  These RICO claims truly read like the piece of fiction that they are, and even include an allegation that the racketeering enterprise is complicit in the tragic death (described by Plaintiffs' as "murder") of the Church's former secretary.  Notably, Plaintiffs have not yet even served their Complaint on Defendants (though it was filed nearly three months ago), demonstrating clearly their lack of any sincere concern about ongoing racketeering or the welfare of the Church.  Defendants demanded in writing that Plaintiffs voluntarily dismiss the meritless and

---

[1] The exhibits referenced in this motion and supporting memorandum are attached to the Appendix of Exhibits.

harassing Complaint or face Rule 11 sanctions; Plaintiffs have not responded to that demand.[2]

Even accepting the allegations as true for purposes of this motion to dismiss only, the RICO claims must be dismissed as a matter of law as Plaintiffs lack standing and they have not, and cannot, plead either the existence of an association-in-fact "enterprise" or a "pattern" of racketeering. The claims are also barred on the basis of *res judicata* as this Court (Young, J.) already dismissed *with prejudice* the substantially identical claims of racketeering brought by a different Church member against the elected leaders of the Church.

Plaintiffs' civil rights claims (one federal and one state) must also be dismissed as a matter of law in part because Plaintiffs have not, and cannot, allege any state action, or any protected civil right. With the dismissal of the federal claims, this Court should decline to exercise supplemental jurisdiction over any remaining state law claim which should be tried, if at all, as a counterclaim to the prior pending lawsuit in state court.

WHEREFORE, Defendants respectfully request that this Court:

A. Order the dismissal *with prejudice* of Plaintiffs' RICO claims (Counts I and II), civil rights claims (Counts III and IV), and battery claim (Count V);

B. Order the dismissal of the remaining state law claim for slander (Count VI);

C. Award Defendants their attorneys' fees since Plaintiffs' claims are frivolous and designed to harass and they violate Fed. R. Civ. P. 11; and

---

[2] Of concern to Defendants, Plaintiffs' Complaint (perhaps not coincidentally) has become the basis for a former Boston Herald reporter to write an article about the Church. As of the filing of this motion, she has or is about to submit her proposed article to Boston Magazine. On information and belief, Boston Magazine is considering running that article shortly. Defendants only recently became aware of this article.

D.  Grant such other relief that this Court deems just and appropriate.

        Respectfully submitted,
NICHOLAS B. CARTER, ESQ.,

/s/ Nicholas B. Carter
Nicholas B. Carter (BBO# 561147)
TODD & WELD LLP
28 State Street. 31st Floor
Boston, MA 02109
(617) 720-2626
ncarter@toddweld.com

EDWARD J. MACKENZIE, JR., MARIA MACKENZIE, DOUGLAS HANSEN, JACK SNEDEKER, MIKE SNEDEKER, RONALD WATTS AND TINA SAXON, by their attorney,

/s/ Edward V. Colbert III
Edward V. Colbert III, Esq. (BBO# 566187)
Looney & Grossman LLP
101 Arch Street
Boston, MA  02110
(617) 951-2800
ecolbert@lgllp.com

**OF COUNSEL:**

/s/ Scott Harshbarger
Scott Harshbarger (BBO# 224000)
Amy Crafts (BBO# 667844)
Alison Langlais (BBO #669592)
PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, MA 02210
(617) 526-9600

Date: December 11, 2008

## CERTIFICATE OF SERVICE

    I, Nicholas B. Carter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date:  December 11, 2008                /s/ Nicholas B. Carter